IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN F. BRAND, DOROTHEA C. BRAND, BRAND
FAMILY FOUNDATION, TOMBSTONE LIMITED
PARTNERSHIP, ELSA S. IENATSCH, TRUSTEE U/A/D
3/23/2000 BY ELSE S. IENATSCH LIVING TRUST,
FREDERIC E. MOHS and PAULA A. MOHS, on behalf of
themselves, and all others similarly situated,

        Movants,

v.

        Case No. 2:08-x-50179
        District Judge Edmunds
        Magistrate Judge Scheer

TOWER AUTOMOTIVE, LLC,

        Respondent.

---

Barry D. Adler (P30557)
ADLER STILMAN, PLLC
30300 Northwestern Highway, 3d Floor
Farmington Hills, Michigan  48334
Telephone:  248-855-5090

Lee S. Shalov
Thomas G. Ciarlone
Susan M. Davies
SHALOV STONE BONNER & ROCCO LLP
485 Seventh Avenue, Suite 1000
New York, New York  10018
Telephone:  212-239-4340

Kenneth J. Vianale
Julie Prag Vianale
VIANALE & VIANALE LLP
2499 Glades Road, Suite 112
Boca Raton, Florida  33431
Telephone: 561-392-4750

*Attorneys for Movants, Lead Plaintiffs in
In re Tower Auto Sec. Litig. (S.D.N.Y.)*

Michael A. Duffy
Daniel C. Moore
Jess M. Krannich
KIRKLAND.& ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:  312-861-2000

*Attorneys for Respondent,
Tower Automotive, LLC*

**STIPULATED ORDER OF TRANSFER**

Before the Court is the Motion of Lead Plaintiffs in *In re Tower Automotive Securities Litigation* to Compel Tower Automotive, LLC to Respond to Subpoena ("Motion to Compel"), which was filed with the Court on March 6, 2008. The parties have jointly requested that this Court transfer the Motion to Compel to the United States District Court for the Southern District of New York, where the underlying litigation—*In re Automotive Securities Litigation*, Case No. 1:05-civ-01926 (RWS) (S.D.N.Y.)—is pending before District Judge Robert W. Sweet. The parties have stipulated to Judge Sweet's jurisdiction over the Motion to Compel and have indicated their wish to have the Motion to Compel adjudicated by Judge Sweet given his familiarity with the relevancy of the information sought and the complexity and scope of the underlying litigation.

A federal court whose only connection with a case is the supervision of discovery ancillary to an action pending elsewhere must be cautious in ruling on the relevancy of evidence. *See, e.g.*, *E.I. DuPont de Nemours & Co. v. Deering Millikin Research Co.*, 72 F.R.D. 440, 443 (D. Del. 1976) (local courts supervising discovery "should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder"). In its discretion, a court may transfer a motion to compel compliance with a subpoena to the court where the underlying action is pending. *See, e.g.*, *Stanziale v. Pepper Hamilton LLP*, No. M8-85 (Part I) (CSH), 2007 WL 473703, at *3-5 (S.D.N.Y. Feb. 9, 2007) (transferring motion to compel compliance with document subpoena); *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484-88 (D. Md. 2002) (finding that district court has inherent power pursuant to Rule 26(c) of Federal Rules of Civil Procedure to transfer motions to compel brought under Rule 37); *Devlin v. Transp. Commc'ns Int'l Union,* 2000 WL 249286, at *1 (S.D.N.Y. 2000) ( "There is substantial support in the caselaw, among the commentators, and in the Advisory Committee Note to Rule 26(c) . . .

for the proposition that the court from which a subpoena has issued has the authority to transfer any motion to quash or for a protective order to the court in which the action is pending."); *In re Subpoena Duces Tecum to Schneider Nat'l Bulk Carriers, Inc.*, 918 F. Supp. 272, 273-74 (E.D. Wis. 1996) (transferring subpoena enforcement action to district where underlying suit was pending based on matters of judicial economy and convenience); *Pactel Pers. Commc'ns v. JMB Realty Corp.*, 133 F.R.D. 137, 138-39 (E.D. Mo. 1990) (transferring motion to compel subpoena compliance pursuant to non-parties' request). This is particularly true where—as here—the underlying litigation is complex and the parties prefer to have the discovery dispute resolved by a court which is already familiar with the subject matter. *See Stanziale*, 2007 WL 473703, at *5; *Star Scientific*, 205 F. Supp. 2d at 487.

Accordingly, because this Court finds that transfer of the Motion to Compel to the United States District Court for the Southern District of New York will best serve the interests of justice and judicial efficiency, pursuant to Rules 26(c) and 45(c) of the Federal Rules of Civil Procedure this Court hereby refers the Motion to Compel to United States District Judge Sweet. The Clerk is directed to send the motion file to the Clerk of the United States District Court for the Southern District of New York. Unless modified by Judge Sweet, the parties shall adhere to the same briefing schedule that applied before this Court: Respondent's response shall be filed by March 20, 2008, and Movants' reply shall be filed by March 27, 2008.

**IT IS SO ORDERED**

                                    s/Nancy G. Edmunds
                                    Nancy G. Edmunds
                                    United States District Judge

Dated: March 12, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 12, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager